Robert Koyse *v*. Jacob F. Randle.

Highways. *Collisions. Negligence.*

> A traveler on horseback injured by a collision with a vehicle caused by his own negligence, cannot recover therefor, and is not aided by a consideration of "the law or the road" or the relative rights and duties of drivers of vehicles and travelers on horseback.

From the circuit court of Monroe county.

Hon. Eugene O. Sykes, Judge.

Randle, appellee, was plaintiff, and Koyse, appellant, was defendant there. From a judgment in plaintiff's favor, the defendant appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*McFarland & McFarland* and *D. W. Houston,* for appellant:

The appellant was legally plying a lawful trade when the collision took place, and, carefully weighed, the evidence for the plaintiff below fails to show negligence on the part of the driver;

In any view, it is at least clear that appellee himself was guilty of the grossest negligence, but his negligence was overlooked, or disregarded, by the jury, and their verdict is erroneous, on account of which the court below should have set it aside and granted a new trial.

Of course we recognize the sanctity of the verdict of a jury and all that an adverse verdict implies.

This court, and other appellate courts of this day, however, seek to find and enforce the "very right and justice of a cause," and if, after looking over the whole record, they find that the jury has rendered an unjust verdict, one to which the party is not legally entitled under all the evidence, they will set it aside, and award a new trial. *Chaplain* v. *Howes,* 3 Car. and P., 554; 43 Am. Dec., 253; *Grier* v. *Sampson,* 27 Pa. St., 183; *Beach* v. *Parmeter,* 23 Pa. St., 197; *Washburn* v. *Tracey,* 2nd Chip. (Vt.), 136; s. c., 15 Am. Dec., 661; *Rilpe* v. *Elting,* 89 Iowa, 92; s. c., 48 Am. S. Rep., 356; 18 Am. & Eng. Enc. Law (2d ed.), 581.

*Gilleylen & Leftwich,* for appellee.

Our statute, § 3902, Code 1892, cuts no figure in this case, as it seems to us, since it only applies to vehicles. The law of the road does not apply when vehicles are crossing. Jaggard on Torts, p. 878; *Lovejoy* v. *Dolon,* 10 Cush. 495. Even when the law of the road applies and it is violated by the plaintiff, defendant is not thereby relieved of his negligence, such as that of which the evidence in this case shows defendant to have been guilty. *Parker* v. *Adams,* 12 Metc., 415; *Thoresen* v. *City Railroad,* 48 N. W., 1051.

With respect to pedestrians and vehicles or horseback riders and vehicles as we take the law to be, the liability is governed by the ordinary considerations of fact and circumstance. 2 Jaggard on Tort, 877.

Our court has always held that the master is liable for the negligence of his servant, and where the negligence is willful

he is liable for punitive damages, whether he knew or did not know the servant to be disqualified.  *So. Ex. Co.* v. *Brown,* 67 Miss., 260.

While the lower court disallowed plaintiff's claim of punitive damages in the case at bar, the case just cited is of general authority.

The verdict of the jury settled in plaintiff's favor the question of contributory negligence raised by the pleadings and evidence of appellant.  *So. Ex. Co.* v. *Brown, supra.*

A succinct and general statement of the law on this subject is found in 2 Jaggard on Torts, 877.


TRULY, J., delivered the opinion of the court.

We are loath to disturb the finding of a jury upon an issue of fact, but in this case the testimony of appellee, when considered in the light of attendant circumstances, is not sufficient to sustain the verdict.

There is an absolute failure to prove, by any evidence more weighty than the bare statement of an unsupported opinion, any negligence on the part of the driver of the wagon, who was the employe of appellant.  This driver testified that he did not know of the approach of Randle until the happening of the accident, and the physical facts corroborate this statement.

It is not necessary for us, upon the record here, to enter into any discussion "of the law of the road," or the relative rights and duties of drivers of vehicles and travelers on horseback. The driver being guilty of no negligence causing the injury, his master cannot be mulcted in damages.  Take the scene of the occurrence: A public street, over eighty feet wide; a driver, with his attention entirely engrossed in driving a pair of mules hitched to a heavily loaded wagon, intent on turning his wagon for the purpose of making another effort to cross a steep bridge over the curbing, in order to deliver his load; he and his team facing southwest, the wagon turning toward the west and to the north; the appellee and his companions riding from the east to

the rear, or on the right side of the driver; they riding horse-back, he driving a wagon; they riding in a trot, he driving in a walk; they in plain view of the wagon and team, he ignorant of their approach. With full knowledge of the situation, appellee, with the entire street to choose a passage in, undertook to cross in front of the team, between the team and the bridge over which the driver was trying to go, and, in so passing, his horse was struck by the sudden plunging of one of the mules, and, becoming frieghtened, threw appellee and ran away, and both man and horse were injured. The slightest divergence to the south, a momentary checking of the horse, would have carried the rider safely by. Under these circumstances who was to blame for the accident? Certainly not the driver.

*Reversed and remanded.*